IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHLEEN HARDY,

    Plaintiff,

v.                                           Civil Action No. 5:09CV112
                                                             (STAMP)
MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND ORDERING CASE TO PROCEED**

I.  Background

The plaintiff, Kathleen Hardy, filed a complaint in the above-styled civil action on October 9, 2009, challenging an adverse decision by the defendant, Commissioner of Social Security. A summons was issued on that same date.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On March 1, 2010, the magistrate judge sua sponte entered a report and recommendation, recommending that the complaint be dismissed without prejudice because the plaintiff failed to serve the defendant with the summons within the applicable time period. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to his report and recommendation, they must file written objections within

fourteen days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff must properly and timely serve a defendant with both a summons and a copy of the complaint or request that the defendant waive service. Prior to 1993, the Federal Rules of Civil Procedure required dismissal if a defendant was not served within the 120-day period absent showing of good cause. See, e.g. Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(j), the predecessor to Rule 4(m), of the Federal Rules of Civil Procedure). The rule itself provided the court no discretion to

extend the time for service if the plaintiff could not show good cause:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1993). In 1993, nonetheless, this rule was amended and redesignated as Rule 4(m). The amended rule states the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that service be effected within a specified time</u>; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). The Advisory Committee Notes to the 1993 Amendment explain that the new rule designated as Rule 4(m) expressly requires courts to extend the period for service if the plaintiff shows good cause, and further, "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment.

Most courts have held that the amendment substantively changes the rule's content by eliminating the good cause requirement, giving courts discretion to extend the time for effectuating

3

service even in the absence of good cause, and by requiring courts to extend the time for service for an appropriate time where the plaintiff does, in fact, show good cause. See Horenkamp v. Van Winkle and Co., 402 F.3d 1129 (11th Cir. 2005) (collecting cases). Moreover, in 1996, the United States Supreme Court observed, in dicta, that under the 1993 Amendment to Rule 4 of the Federal Rules of Civil Procedure, courts have discretion to extend the time for service even absent a showing of good cause. Henderson v. United States, 517 U.S. 654 (1996).

In 2007, the rule was once again amended. The Advisory Committee Notes to the 2007 Amendment state that the changes contained in the amended Rule 4 "are intended to be stylistic only" and are "part of the general restyling of the Civil Rules to make them more easily understood . . . ." Fed. R. Civ. P. 4, Advisory Committee Note, 2007 Amendment. Thus, while the 2007 Amendment appears to contain no substantive changes to Rule 4(m) of the Federal Rules of Civil Procedure, it reads, in relevant part, the following:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

This Court acknowledges that a published opinion by the United States Court of Appeals for the Fourth Circuit has held that a

4

district court must dismiss under Rule 4(m) of the Federal Rules of Civil Procedure in the absence of a showing of good cause for failure to effect timely service of process. Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995). However, several factors suggest to this Court that Mendez v. Elliot, 45 F.3d at 75, is not applicable to this case.

First, the relevant events in Mendez occurred between April 26, 1993 and October 20, 1993. Because the 1993 Amendment did not become effective until December 1, 1993, the plaintiff in Mendez would have been subject to the pre-amendment version, Rule 4(j), which mandated dismissal absent a showing of good cause. Mendez, 45 F.3d at 78. In its decision, the Mendez court referred to the relevant rule as the renumbered "Rule 4(m)," but it noted that it did so "[f]or convenience." Mendez, 45 F.3d at 77 n. 1. Thus, although the Mendez court referred to the pertinent rule as "Rule 4(m)," the court's analysis appears to be based upon the content of the pre-amendment rule, Rule 4(j) of the Federal Rules of Civil Procedure.[1]

Second, the Fourth Circuit decided Mendez in 1995, prior to the Supreme Court issuing Henderson v. United States, 517 U.S. at

---

[1] The Fourth Circuit stated, without discussion, that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993." Mendez, 45 F.3d at 78. However, because the plaintiff was not subject to the amended rule in any event, analysis of the case did not require the court to compare the language of pre-amendment Rule 4(j) with the language of post-amendment Rule 4(m). Thus, this statement appears to have been necessary only to clarify the court's reference to Rule 4(m) and not to reach the holding of the case.

5

654, in 1996.  Consequently, the Fourth Circuit did not have the benefit of the Supreme Court's commentary concerning the 1993 Amendment before deciding Mendez.

Third, the 2007 Amendment to Rule 4 was undertaken, in part, to ensure clarity.  The most recent language of Rule 4(m) of the Federal Rules of Civil Procedure unambiguously vests courts with the discretion to dismiss or to order that service be effected within a specified time.  If a plaintiff shows good cause, the court must grant an extension.

Finally, the Fourth Circuit, acknowledging the Supreme Court's commentary in Henderson v. United States, 517 U.S. at 654, has more recently stated in unpublished decisions that it believes Rule 4(m) permits a district court to extend the period of time to effect service even in the absence of a showing of good cause.  See Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) (unpublished) (citing Henderson, 517 U.S. at 685 n. 5); Giacomo-Tano v. Levine, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) (unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing Henderson, 517 U.S. at 658 n.5); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Hendry v. Schneider, 116 F.3d 446, 449 (3d Cir. 1997).

In light of the Supreme Court's observation in Henderson v. United States, the 2007 Amendment to the text of Rule 4(m) to make

it more easily understood, the Fourth Circuit's unpublished post-Mendez decisions suggesting that the decision may no longer be applicable, and the weight of authority finding that Rule 4(m) of the Federal Rules of Civil Procedure permits courts to enlarge the time for service in the absence of a good-cause showing, this Court believes that a district court has discretion to enlarge the period for effecting service, even if the plaintiff has failed to show good cause.

Several factors may be considered in determining whether to grant an extension to a plaintiff who has not shown good cause. Included among those factors are whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service. Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998).

Here, the plaintiff states in her objections to the magistrate judge's report and recommendation that the defendant was served in this matter on January 19, 2010, well within the 120-day period prescribed in Federal Rule of Civil Procedure 4(m). The affidavits of service, however, had not been filed because counsel was waiting for the return of the "green card" from the United States Postal Service. The plaintiff indicates that although the cards arrived in counsel's office in February, counsel was not aware of it until the report and recommendation was also received.

This Court finds that this does not constitute good cause to justify an extension. Nevertheless, this Court holds that service was proper under Rule 4(m) of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment (Rule 4(m) of the Federal Rules of Civil Procedure "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown."). First, the plaintiff did eventually effect service. Second, the defendant has offered no argument, and this Court finds no evidence to suggest, that it was prejudiced by this extension. Accordingly, this Court declines to affirm and adopt the report and recommendation of the magistrate judge that the complaint be dismissed without prejudice for failure to effect service. Rather, this case shall proceed in its usual course under the prescribed rules.

## IV. <u>Conclusion</u>

For the reasons stated above, this Court finds that it should DECLINE to adopt the report and recommendation of the magistrate judge based upon circumstances presented after the report and recommendation. Accordingly, this case shall PROCEED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      March 19, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE