IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHLEEN HARDY,

    Plaintiff,

v.                                                      Civil Action No. 5:09CV112
                                                                           (STAMP)

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Kathleen Hardy, filed an application for Supplemental Security Income ("SSI") on May 15, 2007, alleging disability due to arthritis in her knees, asthma, and hepatitis C. The Social Security Administration denied the plaintiff's application initially and upon reconsideration. The plaintiff requested a hearing, and a hearing was held on October 22, 2008, before an Administrative Law Judge ("ALJ").

The ALJ, in a decision dated December 5, 2008, found that the plaintiff is not disabled within the meaning of the Social Security Act, she is capable of performing sedentary work, and there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. The Appeals Council denied the plaintiff's request for review on August 6, 2009, rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, the plaintiff filed the

present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. The magistrate judge issued a report and recommendation, recommending that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be denied, and that this action be remanded to the Commissioner. Upon submitting his report and recommendation, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. <u>Discussion</u>

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence and is erroneous as a matter of law. Specifically, the plaintiff argues that the ALJ erred in evaluating her residual functional capacity ("RFC"). To support this claim, the plaintiff makes four main arguments: 1) the ALJ improperly found that Dr. Draper reported the plaintiff's knee had healed; 2) the ALJ improperly relied on the plaintiff's treating physician, Dr. Jones, because Dr. Jones's treatment notes indicate that he never performed more than a perfunctory exam of the plaintiff's knee; 3)the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC despite finding that the plaintiff had moderate difficulties in these areas; and 4) the ALJ failed to comply with SSR 96-8 by performing an inadequate assessment of the plaintiff's capacity to perform the mental demands of work.

The Commissioner contends that the proper inquiry is whether substantial evidence supports the ALJ's RFC determination. According to the defendant, the ALJ more than accounted for the plaintiff's physical and mental limitations that were supported by the record in his RFC assessment. The ALJ cited numerous

factors to support his determination, including: 1) the opinions of the plaintiff's treating physicians; 2) accommodation for the plaintiff's mental complaints; and 3) an evaluation of the plaintiff's activities of daily living.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Magistrate Judge Seibert recommended that this civil action be remanded for multiple reasons. First, the magistrate judge concluded that the ALJ erred by failing to specifically explain his reasoning for discrediting the opinions of the plaintiff's treating physician when determining the plaintiff's RFC. Second, the magistrate judge determined that the ALJ had failed to comply with 20 C.F.R. § 416.902a and SSR 96-8p, which require that the RFC assessment identify the plaintiff's functional limitations or

4

restrictions and assess her work-related abilities on a function-by-function basis.

The magistrate judge found that the ALJ erred by failing to provide any explanation for implicitly rejecting the opinions of Dr. Draper, the plaintiff's treating physician. Although the ALJ did not fully reject the opinions of Dr. Draper, he did not adequately provide specific reasons for failing to give controlling weight to the doctor's opinions. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984)(holding that a court cannot determine if findings are supported by substantial evidence unless the weight given to all relevant evidence is "explicitly indicated"). The ALJ need not specifically reject and distinguish every finding by a doctor, but the ALJ must afford enough analysis to specifically identify why less than controlling weight is accorded to a treating physician's medical opinions.

The magistrate judge also found that the ALJ failed to comply with the mandates of both 20 C.F.R. § 416.920a and SSR 96-8p. Although the ALJ engaged in a thorough analysis of the plaintiff's symptoms, signs, and laboratory findings, the ALJ failed to assess, in detail and by itemizing various functions, the plaintiff's rate of functional limitations using the following activities of daily living: social functioning, concentration, persistence and pace, and episodes of decompensation. Because the ALJ failed to specifically analyze

5

these four areas, the magistrate judge determined that the case must be remanded for further evaluation.

Even though the magistrate judge's initial findings revealed that remand was necessary, the magistrate judge examined the plaintiff's additional arguments. The plaintiff argued that the ALJ improperly relied upon the opinion of Dr. Jones because he never performed more than a perfunctory exam of the plaintiff's knee.  However, all medical opinions are to be considered in determining the disability status of a plaintiff.  20 C.F.R. 404.1527(b), 416.927(b) (West 2010).  Therefore, the magistrate judge determined that it was not improper for the ALJ to consider and reply upon the medical opinion of Dr. Jones.

Finally, the magistrate judge considered the plaintiff's argument that the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC, despite finding that the plaintiff had difficulties in these areas.  Based upon the plaintiff's testimony and the objective medical evidence, the ALJ found that the plaintiff suffered from the medically determinable impairment adjustment disorder with mixed anxiety and depression.  The ALJ used these findings to evaluate the plaintiff's impairments under the Social Security Administration's Listing of Impairments ("Listing"). When evaluating whether the plaintiff's impairments met the criteria of the Listing, the ALJ determined that the plaintiff had moderate difficulties maintaining concentration, persistence, and

pace. The moderate difficulty finding was not a medically determinable impairment but rather a criterion for evaluation under the Listing. Therefore, the ALJ had no obligation to specifically consider the plaintiff's moderate difficulty maintaining concentration, persistence, and pace. Because the ALJ properly evaluated the medical records as required by 20 C.F.R. § 416.945, the magistrate judge found that the ALJ did not err in this respect.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and finds no clear error in the magistrate judge's report and recommendation. Accordingly, for the reasons set forth in the report and recommendation, this Court concurs with the magistrate judge. The magistrate judge's report and recommendation is thus affirmed and adopted, and this civil action is remanded.

## IV.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is DENIED; the plaintiff's motion for summary judgment is DENIED; and this civil action is REMANDED to the Commissioner for further proceedings consistent with this opinion and the report and

recommendation of the magistrate judge.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   August 23, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE